**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Antonio DUENAS, Defendant–Appellant.**

No. 03–41369.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 21, 2004.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Tito H. Alfaro, Molly E. Odom, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM: *

Juan Antonio Duenas appeals from his conviction of possession with intent to dis-

---

**440**

tribute more than 50 grams of methamphetamine. He contends that the district court erred by failing to hold a colloquy pursuant to 21 U.S.C. § 851(b) before using a prior conviction to enhance his sentence under 21 U.S.C. § 841(b)(1)(A); that the use of the prior conviction to enhance his sentence was unconstitutional because the prior conviction was not alleged in his indictment or proved to a jury beyond a reasonable doubt; and that 21 U.S.C. § 841 violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We review all of Duenas's contentions under the plain-error standard. *See United States v. Calverley*, 37 F.3d 160, 162–64 (5th Cir.1994)(en banc).

Duenas has failed to demonstrate reversible error regarding the district court's failure to hold a colloquy pursuant to 21 U.S.C. § 851(b), as he did not challenge the information indicating the Government's desire to use his prior conviction to enhance his sentence. *See United States v. Thomas*, 348 F.3d 78, 87 (5th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 1481, 158 L.Ed.2d 131 (2004). *United States v. Reyna*, 358 F.3d 344 (5th Cir.) (en banc), *cert. denied,* —— U.S. ——, 124 S.Ct. 2390, 158 L.Ed.2d 966 (2004), is inapposite to Duenas's case.

Duenas correctly concedes that his remaining contentions are foreclosed, but he seeks to preserve them for further review. First, the fact of a prior conviction need not be alleged in an indictment or proved to a jury beyond a reasonable doubt. *See Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Second, *Apprendi* did not render 21 U.S.C. § 841 facially unconstitution-

al. *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.